# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALAN GREEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18−cv–1056−MJR |
| | ) |
| TRACY, | ) |
| PHYSICAL THERAPIST, | ) |
| JOHN BALDWIN, | ) |
| CHRISTINE BROWN, and | ) |
| JOHN DOE 1 | |
| | |
| Defendants. | |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Alan Green, an inmate in Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks damages for deliberate indifference. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers

1

to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff injured his right rotator cuff on September 7, 2014 while incarcerated at Menard, for which he received physical therapy. (Doc. 1, p. 5). Plaintiff was transferred to Pinckneyville on April 12, 2017, but when he renewed his requests for physical therapy at his new institution, those requests were denied. (Doc. 1, pp. 5-6).

Plaintiff alleges that although he transferred in in April, he did not see a doctor until August 2017. (Doc. 1, p. 5). He further alleges that although an outside medical provider recommended an MRI, Menard would not approve it. *Id*. Doe specifically told him that he would not approve an MRI for Plaintiff and denied him physical therapy. (Doc. 1, p. 6). Tracy also told Plaintiff that she would attempt to verify his medical history of receiving physical therapy, but instead took no action. *Id*. Plaintiff continued to complain about the lack of medical care in June 2017. *Id*. Tracy told him that she had spoken to Brown. *Id*. But Brown failed to act to ensure that Plaintiff received appropriate medical care. *Id*. Baldwin also failed to order Pinckneyville to send Plaintiff to physical therapy, despite being notified of the problem. *Id*. Plaintiff alleges that Tracy, Physical Therapist, Baldwin, and Brown instituted a policy to refuse to provide physical therapy or otherwise treat certain inmates to save money. (Doc. 1, p. 5).

Plaintiff eventually received physical therapy for his injury, but he now alleges that it is insufficient. (Doc. 1, p. 7). Doe continues to fail to send him out for an MRI. *Id*.

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the pro se action into a single count. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The following claim survives threshold review:

> **Count 1** – Doe, Tracy, Baldwin, Physical Therapist, and Brown were deliberately indifferent to Plaintiff's rotator cuff injury in violation of the Eighth Amendment.

Prison officials impose cruel and unusual punishment in violation of the Eighth Amendment when they are deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016). In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he 1) suffered from an objectively serious medical condition; and 2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. *Petties v. Carter*, 836 F.3d 722, 727 (7th Cir. 2016). An objectively serious condition includes an ailment that has been "diagnosed by a physician as mandating treatment," one that significantly affects an individual's daily activities, or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). The subjective element requires proof that the defendant knew of facts from which he could infer that a substantial risk of serious harm exists, and he must actually draw the inference. *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

"Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th

Cir. 2012) (internal citations and quotations omitted); *see also Farmer v. Brennan*, 511 U.S. 825, 842 (1994). The Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Deliberate indifference may also be shown where medical providers persist in a course of treatment known to be ineffective. *Berry v. Peterman*, 604 F.3d 435, 441-42 (7th Cir. 2010); *Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005).

The Court will presume at the pleading stages that Plaintiff's rotator cuff injury constitutes a serious medical need. He has further alleged that his physical therapy was cut off due to a prison transfer and that there was a delay in reinstating it because Tracy and Doe refused to take action. He has further alleged that an outside medical provider determined that an MRI is necessary to properly evaluate his shoulder, but that Doe refuses to order one. Moreover, Plaintiff has alleged that Brown and Baldwin were informed of the deliberate indifference and refused to act to correct it. That is a sufficient allegation regarding personal involvement. *See Perez v. Fenoglio*, 792 F.3d 768 (7th Cir. 2015). Plaintiff has also alleged that Tracy, Physical Therapist, Baldwin, and Brown had a policy of denying inmates medical care based on cost; if proven, the existence of such a policy could also demonstrate deliberate indifference. Therefore at the pleading stages, Plaintiff has stated a claim against all Defendants.

Plaintiff has also used the word "conspiracy" as part of his statement of claim, but it takes more than the mere mention of the word to state a claim. To prove a § 1983 conspiracy claim, the plaintiff must prove that 1) a state official and a private individual reached an understanding to deprive the plaintiff of his constitutional rights, and 2) those individuals were willful participants in the unlawful activity with the state actor. *Cooney v. Casady*, 735 F.3d 514, 518

(7th Cir. 2013) (citing *Lewis v. Mills*, 677 F.3d 324, 333 (7th Cir. 2012)). Typically, the evidence must reflect a "concerted effort" between the parties. *Whitlock v. Brueggemann*, 682 F.3d 567, 577 (7th Cir. 2012). It is not enough for the conspirators to share the same objective, rather a conspiracy requires that there be an agreement, express or implied, to reach a desired result. *Cooney*, 735 F.3d at 519 (quoting *Hampton v. Hanrahan,* 600 F.2d 600, 621 (7th Cir. 1979)).

All the Defendants in this case are state actors. It is likely that this claim is superfluous and unnecessary. *See Turley v. Rednour*, 729 F.3d 645, 649 n. 2 (citing *Fairley v. Andrews*, 578 F.3d 518, 526 (7th Cir. 2009) (finding that the function of a § 1985 conspiracy claim is to "permit recovery from a private actor who has conspired with state actors" and without private actors, the conspiracy claim adds only "needless complexity.")). Moreover, Plaintiff has alleged no facts tending to show an agreement to deprive Plaintiff of his constitutional rights. Therefore, to the extent that Plaintiff is attempting to state a conspiracy claim apart from his deliberate indifference claim, that claim is dismissed without prejudice.

**<u>Pending Motions</u>**

Plaintiff's Motion for Service of Process is denied as moot, as Plaintiff is proceeding IFP in this action, and Fed. R. Civ. P. 4 requires the district court to order service for a litigant proceeding IFP. (Doc. 4).

Plaintiff's Motion for Recruitment of Counsel will be addressed by the United States Magistrate Judge assigned to this case.

**Disposition**

**IT IS HEREBY ORDERED** that **Count 1** survives threshold review against all Defendants. Plaintiff's Motion for Service of Process at government expense is **DENIED** as **MOOT**. (Doc. 4).

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Tracy, Baldwin, and Brown: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown (John Doe) Defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Stephen C. Williams for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  September 7, 2018**

                                                   s/ MICHAEL J. REAGAN
                                                 United States Chief District Judge